**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Michael Reisewitz,<br><br>  Defendant. | No. CR-16-00973-002-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Michael Reisewitz's Motion to Reduce Sentence or for Early Release, (Doc. 137), and Amended Motion for Compassionate Release per 18 U.S.C. § 3582(c)(1)(A), (Doc. 162). For the following reasons, Defendant's motions are denied.

## BACKGROUND

On December 8, 2016, a jury found Defendant guilty of possession of a controlled substance with intent to distribute, methamphetamine and conspiracy to possess a controlled substance with intent to distribute, methamphetamine. Subsequently, this Court sentenced Defendant to a 180-month sentence. Defendant is currently incarcerated in Oklahoma City with a projected release date of April 11, 2024.

On July 22, 2020, Defendant filed his initial motion for compassionate release and, after retaining counsel, filed an amended motion for compassionate release on November 4, 2020.

## DISCUSSION

**I.  Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First

Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the commission contemplated a medical condition from which the Defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

**II.     Analysis**

Defendant has not shown extraordinary or compelling reasons to justify early release. The "mere existence" of COVID-19 is not enough to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Although Defendant has shown that a number of inmates and staff at his facility in Oklahoma City have contracted

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

COVID-19, Defendant has not shown that he is at an undue risk of complications if he were to contract the virus. Defendant's hepatitis C diagnosis, without more, does not rise to the level of extraordinary or compelling. *See, e.g.*, *United States v. Goltz*, CR 00-40069, 2020 WL 5909108, at *7 (D.S.D. Oct. 6, 2020) (finding the "fact that [defendant] has hepatitis C during the pandemic" to not be an extraordinary or compelling reason for release where the medical records showed "no mention of symptoms or liver damage"); *United States v. Hilliard*, 17 CR 35-01 (VB), 2020 WL 3182778, at *2 (S.D.N.Y. June 15, 2020) (denying compassionate release for a defendant with asymptomatic hepatitis C). Accordingly, Defendant's motions for compassionate release are denied.

## CONCLUSION

For the reasons set forth above, Defendant's motions for compassionate release are denied because he has not demonstrated an extraordinary or compelling reason for his release. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence or for Early Release (COVID) – First Step Act (Doc. 137) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Amended Motion for Compassionate Release per 18 U.S.C. § 3582(c)(1)(A) (Doc. 162) is **DENIED.**

Dated this 4th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge